```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


MICHAEL JERONE EDWARDS,         §
TDCJ-CID #1072208,              §
                                §
            Petitioner,         §
                                §
v.                              §    CIVIL ACTION NO. H-07-2475
                                §
NATHANIEL QUARTERMAN,           §
                                §
            Respondent.         §
```

## MEMORANDUM OPINION AND ORDER

Michael Jerone Edwards, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging a state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive.

Edwards' habeas petition challenges a conviction and ten-year sentence for sexual assault. State v. Edwards, No. 827178 (339th Dist. Ct., Harris County, Tex., Oct. 5, 2001). Edwards filed a direct appeal, and the Texas Court of Appeals for the Fourteenth District affirmed the trial court's judgment. Edwards v. State, 97 S.W.3d 279 (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd). The Texas Court of Criminal Appeals denied Edwards' petition for discretionary review on June 4, 2003. Edwards v. State, No. 388-03.

Edwards filed a state application for a writ of habeas corpus on December 29, 2003.[1] The Texas Court of Criminal Appeals denied it without a written order on February 2, 2005. Ex parte Edwards, No. 58,220-02. Edwards then filed a federal petition for a writ of habeas corpus in the Southern District of Texas on February 11, 2005. Edwards v. Dretke, No. H-05-0526, Docket Entry No. 1, at page 7. The district court dismissed the petition with prejudice on December 21, 2005, after the court granted the respondent's motion for summary judgment. Id., Docket Entry No. 21.

Edwards filed a second state habeas application on June 8, 2006.[2] The Court of Criminal Appeals dismissed it as successive on July 19, 2006. Ex parte Edwards, No. 58,220-04, citing Tex. Code Crim. Pro. art. 11.07 § 4. See Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. A third state habeas application was filed on January 12, 2007, and was dismissed for noncompliance on February 21, 2007. Id. A fourth application was filed on June 29, 2007, and is now pending before the Court of Criminal Appeals. Id.

Because of the prior dismissal, Edwards must first obtain permission from the United States Court of Appeals for the Fifth

---

[1]Edwards asserts in his current federal petition that the state habeas application was filed on May 3, 2004. Docket Entry No. 1, at page 2, answer 11. However, this court verified that the application was actually filed with the Harris County District Clerk on December 29, 2003.

[2]Edwards indicates later filing dates for his subsequent state habeas applications. This court verified earlier filing dates for the purpose of determining the timeliness of the present action.

Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no showing that the Fifth Circuit has granted permission to Edwards. Without such permission, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition, this action is untimely under the provisions of 28 U.S.C. § 2244(d), which require that habeas federal petitions challenging state court criminal convictions be filed within one year of the date that the judgment becomes final. See 28 U.S.C. § 2244(d)(1)(A). Edwards' conviction became final on September 2, 2003, ninety days after the Court of Criminal Appeals refused his PDR. See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004). His first state habeas application tolled the one-year statute of limitations period while it was under consideration in the state courts from December 29, 2003, until February 2, 2005. See 28 U.S.C. § 2244(d)(2). Edwards' prior federal habeas petition did not toll the limitations period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001). Consequently, the limitations period ran for 118 days from September 3, 2003, until December 29, 2003, when he filed his first state habeas application. The period recommenced when the application was denied by the Court of Criminal Appeals on February 2, 2005, and terminated 247 days later on October 7, 2005. The second, third, and fourth state habeas applications, filed after the dismissal of the federal habeas petition, are of no avail

because they were filed after the expiration of the one-year period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The habeas petition in this action is **DISMISSED with prejudice** because it is successive and untimely.

The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED with prejudice** because the application indicates that Edwards has sufficient funds to pay the filing fee.

Edwards' Motion for a Certificate of Appealability (Docket Entry No. 4) is **DENIED** because he has not "made a substantial showing of the denial of a constitutional right."  Kutzner v. Cockrell, 303 F.3d 333 (5th Cir. 2002), citing 28 U.S.C. § 2253(c)(2).

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the Petition and this Memorandum to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of August, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE